*Fink v. Mohonk Preserve*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-one.

Present:
> GUIDO CALABRESI,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

MICHAEL FINK, KAREN PARDINI,

> *Plaintiffs-Appellees*,

> v.

MOHONK PRESERVE INC.,
SHAWANGUNK CONSERVANCY INC.,
OPEN SPACE INSTITUTE INC., LAND
TRUST ALLIANCE INC.,

> *Defendants-Appellants*,

NEW YORK STATE CONSERVATION
PARTNERSHIP PROGRAM,

> *Defendant*.

_____

20-3526-cv

| | |
|---|---|
| For Plaintiffs-Appellees: | PHILLIP A. OSWALD, Rupp Baase Pfalzgraf Cunningham LLC, Saratoga Springs, NY |

For Defendants-Appellants: JEFFREY L. LIDDLE, The Liddle Law Firm PLLC, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendants-Appellants Mohonk Preserve, Inc., Shawangunk Conservancy, Inc., Open Space Institute, Inc., and the Land Trust Alliance (collectively, "Defendants") appeal from an order of the United States District Court for the Southern District of New York (Colleen McMahon, *C.J.*) entered on September 14, 2020, denying their motion for attorneys' fees under 42 U.S.C. § 1988. We assume the reader's familiarity with the record.

On appeal, Defendants argue that the district court erred in concluding that they were not "prevailing part[ies]" within the meaning of § 1988(b) and that the plaintiffs' complaint was not frivolous. "Our review of the denial of an award of attorneys' fees is 'highly deferential to the district court' and we reverse only for an abuse of discretion." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) (quoting *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir.1999)). We are also mindful that "a request for attorney's fees should not result in a second major litigation." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001) (internal quotation marks and alterations omitted).

On April 14, 2020, Plaintiffs Michael Fink and Karen Pardini (collectively, "Plaintiffs") filed a complaint bringing claims under 42 U.S.C. § 1983. On June 1, 2020, Defendants moved to dismiss. The same day, Defendants sent Plaintiffs' counsel a letter advising that they intended to file a motion for sanctions under Fed. R. Civ. P. 11 unless Plaintiffs withdrew their complaint within 21 days. Plaintiffs voluntarily dismissed their complaint with prejudice three days later. Defendants then filed their motion for attorneys' fees.

In the particular circumstances of this case, we conclude that the district court did not abuse its discretion in declining to award attorneys' fees.

\*　　\*　　\*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk